AO 245B (Rev. 09-08) Judgment in a Criminal Case
Sheet 1



# United States District Court
## District of Maine

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2012 APR 25  A 10: 07

DEPUTY CLERK

UNITED STATES OF AMERICA

V.

JASON JEAN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:11-cr-79-001
USM Number: 07020-036

William T. Bly, Esq.
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to Counts <u>One, Two, Four and Five of the Indictment.</u>
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(C) | Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, Heroin, Alprazolam, Oxycodone and Clonazepam | January 27, 2011 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

April 25, 2012
Date of Imposition of Judgment

Signature of Judge

D. Brock Hornby, U.S. District Judge
Name and Title of Judge

4/25/12
Date Signed

DEFENDANT: JASON JEAN
CASE NUMBER: 2:11-cr-79-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Use of a Firearm During and in Relation to a Drug Trafficking Crime, Aiding and Abetting | January 27, 2011 | Two |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute Alprazolam | January 23, 2011 | Four |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute Oxycodone and Clonazepam | January 27, 2011 | Five |

AO 245B (Rev. 09-08) Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT: JASON JEAN
CASE NUMBER: 2:11-cr-79-001

Judgment—Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>210 Months on each of Counts One, Four and Five to be served concurrently and 84 Months on Count Two, to be served consecutively to the sentence imposed on Counts, One, Four and Five, for a total of 294 Months.</u>

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant for enrollment in any drug treatment programs that are available.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                                UNITED STATES MARSHAL

                                           By _____
                                                DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09-08) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: JASON JEAN
CASE NUMBER: 2:11-cr-79-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>4 Years on each of Counts One, Two, Four and Five, to be served concurrently.</u>

The Defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two additional drug tests during the term of supervision, but not more than 120 drug tests per year thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09-08) Judgment in a Criminal Case
     Sheet 3C – Supervised Release

---

DEFENDANT:      JASON JEAN
CASE NUMBER:   2:11-cr-79-001

Judgment—Page   5   of   7

## **SPECIAL CONDITIONS OF SUPERVISION**

1. Defendant shall participate in mental health treatment, as directed by the supervising officer, until released from the program by the supervising officer. Defendant shall pay/co-pay for services during such treatment, to the supervising officer's satisfaction.

2. The defendant shall participate in workforce development programs and services as directed by the supervising officer, and, if not employed, shall perform up to 20 hours of community service per week. Workforce development programming may include assessment and testing; educational instructions; training classes; career guidance; and job search and retention services.

3. Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction. This shall include testing to determine if Defendant has used drugs or intoxicants. Defendant shall submit to one test within 15 days of release from prison and at least two, but not more than 120, tests per calendar year thereafter, as directed by the supervising officer. Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests.

4. Defendant shall not own or possess any firearm or other dangerous weapon, or knowingly be at any time in the company of anyone known by him to possess a firearm or other dangerous weapon.

5. Defendant shall at all times readily submit to a search of his residence, and of any other premises under his dominion and control, by his supervising officer, upon the officer's request when the officer has reasonable basis to believe that such a search will lead to the discovery of evidence of violation of the terms of supervised release. Failure to submit to such a search may be grounds for revocation.

AO 245B   (Rev. 09-08) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment—Page 6 of 7

DEFENDANT: JASON JEAN
CASE NUMBER: 2:11-cr-79-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
|  | One | $100.00 | $ 0 | $ 0 |
|  | Two | $100.00 | $ 0 | $ 0 |
|  | Four | $100.00 | $ 0 | $ 0 |
|  | Five | $100.00 | $ 0 | $ 0 |
| Totals: |  | $400.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United State Code, for offenses committed on or after September 13, 1994, but before April 23, 1996

AO 245B (Rev. 09-08) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment—Page 7 of 7

DEFENDANT: JASON JEAN
CASE NUMBER: 2:11-cr-79-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $400.00 due immediately, balance due
   ☒ Any amount that the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request, by either the defendant or the government.
   ☐ not later than                    , or
   ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal          *(e.g., weekly, monthly, quarterly)* installments of $          over a period of          *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal          *(e.g., weekly, monthly, quarterly)* installments of $          over a period of          *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within          *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.